Filed 3/27/24  Florence v. Castell CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

MARI FLORENCE,

　　　Plaintiff and Appellant,

v.

DOUGLAS CASTELL et al.,

　　　Defendants and Respondents.

E081651

(Super. Ct. No. CIVDS1907516)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Donald R. Alvarez, Judge.  Dismissed.

Mari Florence, in pro. per., for Plaintiff and Appellant.

Fransen and Molinaro and Nathan Fransen, for Defendants and Respondents.

I.

## INTRODUCTION

Plaintiff and appellant, Mari Florence obtained a default judgment against, defendants and respondents, Douglas and Joan Castell.  The Castells successfully moved to vacate the judgment as void.  Florence sought reconsideration of the trial court's order

1

vacating the judgment, which the trial court denied.  Florence purports to appeal from that order.  But because Florence's appeal was untimely, we dismiss the appeal for lack of jurisdiction.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Florence filed this case against the Castells in July 2019 over a dispute about a property in Yucca Valley.  (The specifics of the dispute are not relevant to the issues on appeal.)  On September 3, 2019, Florence requested entry of default against the Castells because they did not answer her complaint.

Just over a week later, however, the Castells filed for bankruptcy.  In that action, the Castells sought a discharge of, among other things, any debt arising from Florence's "[d]isputed" "[p]otential [c]laim."  The Castells noted in their bankruptcy petition that they were parties to Florence's lawsuit, which was pending at the time, and thus identified her as a creditor with an unsecured claim.  On January 6, 2020, the bankruptcy court granted the Castells a full discharge of their dischargeable debts, and closed the case on January 30, 2020.

On January 10, 2020, while the bankruptcy proceedings were ongoing, Florence filed a request for a default judgment against the Castells in the trial court.  Later that day, the court granted Florence's request and entered a nearly $600,000 judgment for Florence.

More than two and a half years later, in October 2022, the Castells moved to vacate the judgment under Code of Civil Procedure section 473, subdivision (d). They argued the judgment was void because Florence's claims against them, which were based on this lawsuit, had been discharged in bankruptcy before the judgment was entered. On March 2, 2023, the trial court granted the Castells' motion and vacated the judgment.[1]

On March 13, 2023, Florence moved for reconsideration of that order under Code of Civil Procedure section 1008 (section 1008). On May 12, 2023, the trial court heard the motion and stated its tentative ruling denying the motion, but took the matter under submission, indicating that it would mail a written decision to the parties.

But, on July 3, 2023, before the trial court issued its written order, Florence filed a notice of appeal. In her notice, Florence stated that she was appealing the trial court's order on May 12, 2023.

The trial court did not issue its written order denying Florence's motion for reconsideration until July 12, 2023. The trial court found that its order vacating the judgment was proper for several reasons, including that the judgment was void because it was based on a discharged liability since the bankruptcy court discharged any liability the Castells incurred from Florence's "potential claim" (i.e., this case).

---

[1] The trial court's written ruling on the Castells' motion to vacate is not in the record on appeal.

3

DISCUSSION

Florence contends the trial court erroneously vacated the judgment and denied her motion for reconsideration. The Castells argue that, regardless of the merits, the trial court's order denying Florence's motion for reconsideration is not appealable. We conclude Florence's appeal was untimely, so we lack jurisdiction and must dismiss this appeal. (See *People v. Clark* (2021) 67 Cal.App.5th 248, 254 [appellate court must sua sponte confirm its jurisdiction].)

It is unclear whether Florence purports to appeal the trial court's order granting the Castells' motion to vacate. Her notice of appeal, "which defines the scope of the appeal (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967), states that she appeals from the trial court's "order after judgment" issued on May 12, 2023. Although the trial court orally announced its tentative ruling denying Florence's motion for reconsideration on that day, the court did not issue its final, written ruling on the motion until July 12, 2023. We liberally construe Florence's notice of appeal as purporting to appeal from that order, even though she prematurely filed her notice, on July 3, 2023. (See Cal. Rules of Court, rule 8.821(a)(2).)

To the extent Florence intends to appeal the trial court's March 2, 2023 order granting the Castells' motion to vacate, she did not timely do so. In general, a notice of appeal must be filed within 60 days of service of notice of entry of an appealable order. (Cal. Rules of Court, rule 8.104(a)(1).) The trial court's March 2, 2023 order vacating

4

the judgment is appealable. (*Rodrigues v. Superior Court* (2005) 127 Cal.App.4th 1027, 1032; *Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 503-504.) Because the trial court mailed a copy of the order on March 2, 2023, the deadline to appeal fell on May 1, 2023. (Cal. Rules of Court, rule 8.104(a)(1).) Florence's notice of appeal, filed in July 2023, was thus filed too late to appeal the court's order granting the Castells' motion to vacate.

"'Compliance with the time for filing a notice of appeal is mandatory and jurisdictional. [Citations.] If a notice of appeal is not timely, the appellate court must dismiss the appeal.'" (*Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 842.) We therefore may not consider any challenge to the trial court's order granting the Castells' motion to vacate and dismiss Florence's appeal to the extent she intends to appeal that order. (See *ibid.*; Cal. Rules of Court, rule 8.104(b) ["If a notice of appeal is filed late, the reviewing court must dismiss the appeal."].)

But because Florence filed a valid motion for reconsideration of the court's order granting the Castells' motion to vacate, the deadline to appeal that order was extended. (Cal. Rules of Court, rule 8.108.) When a party serves and files a valid motion to reconsider an appealable order under section 1008, subdivision (a), the time to appeal from that order is extended for all parties until *the earliest of* (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order, (2) 90 days after the first motion to reconsider is filed, or (3) 180 days after entry of the appealable order. (Cal. Rules of Court, rule 8.108(e)(1)-(3).)

5

The trial court did not serve its order denying Florence's motion for reconsideration, or a notice of entry of that order, until July 13, 2023. (Cal. Rules of Court, rule 8.108(e)(1).) Thirty days after that is Saturday, August 12, 2023. Ninety days after Florence filed her March 13, 2023 motion for reconsideration is Sunday, June 11, 2023, so the deadline under California Rules of Court, rule 8.108(e)(2) fell on the following day, June 12, 2023. (See Cal. Rules of Court, rule 1.10(b).) One hundred eighty days after "entry of judgment"—180 days after the trial court's order granting the Castells' motion to vacate—is August 29, 2023. (Cal. Rules of Court, rule 8.108(e)(3).)

The earliest of these three dates is June 12, 2023. Under California Rules of Court, rule 8.108(e), Florence had until then to file a notice of appeal, but she did not file one until July 3, 2023. Her purported appeal of the court's order granting the Castells' motion to vacate is therefore untimely.

We likewise lack jurisdiction over Florence's appeal of the trial court's order denying her motion for reconsideration. Under section 1008, subdivision (g), "[a]n order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable." The trial court's order denying Florence's motion for reconsideration is therefore not appealable, and we may not review it in the absence of a properly appealed order. (See *Reynolds v. City of Calistoga* (2014) 223 Cal.App.4th 865, 871.)

We lack jurisdiction over an appeal in the absence of an appealable order. (*Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302.) And when we lack jurisdiction, we must dismiss the appeal. (*Ibid*.) Because Florence

6

did not timely appeal an appealable order, we dismiss Florence's appeal for lack of jurisdiction.

## IV.

## DISPOSITION

Florence's appeal is dismissed.  The Castells may recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

MENETREZ
J.

7